chandise was freely offered for sale for exportation to the United States to all purchasers in the principal markets of Great Britain, in the usual wholesale quantities and in the ordinary course of trade, including the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, is 97.76 pence per pound, plus 2.2471% for shrinkage, less 2%; and that the foreign value of such or similar merchandise is no higher.

It is further stipulated and agreed that the said above appeal for reappraisement may be submitted for decision upon this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was 97.76 pence per pound, plus 2.2471 per centum for shrinkage, less 2 per centum.

Judgment will be rendered accordingly.

## Anco Watch Co. v. United States

No. 7527.—Invoice dated Le Sentier, Switzerland, May 30, 1945.
　　　　Entered at New York, N. Y., March 25, 1946.
　　　　Entry No. 747335.

(Decided February 3, 1948)

No appearance for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Samuel D. Spector*, special attorney), for the defendant.

LAWRENCE, Judge: When this appeal for reappraisement was called for hearing, there was no appearance on behalf of the appealing party.

Under rule 6 of this court, where there is no appearance in a case when it is called "it shall be deemed submitted, and shall be decided by the court on the record as it appears therein."

I have examined the record in this appeal for reappraisement and find nothing therein which tends in any way to overcome the presumption of correctness which attaches to the decision of the appraiser. I, therefore, find that the proper value of the merchandise is the value returned by the appraiser.

Judgment will be entered accordingly.

## J. E. Bernard & Co., Inc. v. United States

No. 7528.—Pro forma invoice dated Birmingham, England, June 1946.
　　　　Entered at New York, N. Y., August 8, 1946.
　　　　Entry No. 711326.

(Decided February 3, 1948)

*Siegel, Mandell & Davidson* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

NATIONAL SILVER CO. *v.* UNITED STATES

**No. 7529.**—Invoice dated Sheffield, England, April 17, 1946.
Certified April 29, 1946.
Entered at New York, N. Y., June 25, 1946.
Entry No. 771245.

(Decided February 3, 1948)

*Siegel, Mandell & Davidson* for the plaintiff.

*Paul P. Rao*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: It has been agreed between the parties hereto that the issues herein relating to the above-mentioned merchandise are the same in all material respects as those decided in *United States* v. *Wm. S. Pitcairn Corp.*, 33 C. C. P. A. (Customs) 183, C. A. D. 334, and that the record therein may be incorporated herein.

Upon the agreed facts I find the export value, as defined in section 402 (d), Tariff Act of 1930, to be the proper basis for determining the values of said merchandise, and that such values are the appraised values less additions made by importer on entry because of advances by the appraiser in similar cases.

Judgment will be entered accordingly.

G. TAWARA *v.* UNITED STATES

**No. 7530.**—Invoices dated Yokohama, Japan, January 23, 1941, etc.
Certified January 23, 1941, etc.
Entered at San Francisco, Calif., February 10, 1941, etc.
Entry Nos. 5823; 5986; 6369.

(Decided February 6, 1948)

*Harper & Harper* (*George R. Tuttle* of counsel) for the plaintiff.

*Paul P. Rao*, Assistant Attorney General, for the defendant.